[Filed January 29, 1889.]

# JOHN KLOSTERMAN, APPELLANT, *v.* J. W. HAYES ET AL., RESPONDENTS.

PARTNERSHIP — WHAT IS — SURETY — INDEMNITY OF. — Where H., party of the first part, and J. and others, parties of the second part, entered into written articles of agreement, which provided, in substance, that the first party should buy and manage a store, warehouse, and other business at a certain place for the benefit of the public and of the second parties; that in return therefor the second parties should become security for the stock of goods and warehouse rent until the goods were paid for; that the goods and storehouse should not be considered the property of the first party until the goods were paid for, but simply held in trust by the first party for the second parties; that the second parties should have the right to appoint a qualified person to assist in the management of the business; that the first party should only draw out of the business current living expenses, and should make a report every thirty days to the second parties of the condition of the business; that the stock should be kept up to what the trade required, and of the receipts of the business; and that the remainder of the receipts should be applied upon the principal and interest of the debt; which agreement concluded with a provision that a failure to comply should forfeit all interest in the firm; that the name of the firm should be H. & Co.: *held*, that the language of the agreement, taken by itself, did not indicate that the parties intended to form a partnership; but only indicated that the second parties intended to become security for the first party for the stock of goods and for the rent of the warehouse, and to hold a claim upon the property as an indemnity against loss in consequence thereof.

APPEAL from the Circuit Court for the county of Wasco.

*Mays & Huntington* and *H. Y. Thompson,* for Appellant.

*Bennett & Wilson* and *J. E. Atwater,* for Respondent.

By the COURT.—This appeal is from a judgment rendered in an action brought by the appellant against the respondent in said circuit court, to recover the amount of a promissory note executed by the respondent Hayes to the appellant. The note was given for goods purchased from time to time from the appellant by said Hayes to supply a certain store situated at Biggs's Station, in said county

of Wasco, of which he had the charge and management. The other respondents were sought to be made liable with Hayes for the payment of the said note, upon the ground that they were partners with him in the said store, under the firm name of J. W. Hayes & Co. The main ground of the contention was, whether or not said partnership existed, and whether or not the said respondents had held themselves out as partners in such a way as to make them liable to third persons dealing with Hayes. One of the respondents was not served with summons, and did not appear in the action. Hayes suffered a default to be taken against him, but the respondents who were served appeared and filed an answer denying the partnership. Upon the trial the appellant introduced in evidence an instrument in writing, signed by the said Hayes and the respondents, of which the following is a copy:—

"Articles of agreement between J. W. Hayes, of the first part, and J. H. Jenkins, William Hickinbothem, Nathan Morris, A. W. Stark, P. E. Price, John Graham, E. C. Helmer, P. E. Mitchell, of the second part,—

"Witnesseth: I, J. W. Hayes, of the first part, agree to buy and run a store, warehouse, telegraph office, and railroad agency for the benefit of the public, parties of the second part, at Biggs, Oregon.

"In return for the above services, we of the second part agree to become security for the stock of goods and warehouse rent until such goods are paid for, for the first-named; that goods or house are not to be considered as the property of the party of the first part until paid for, but simply held in trust by him for the parties of the second part. Parties of the second part reserve the right to appoint any man they may choose as assistant of party of the first part, to assist him in handling said business, provided party appointed by party of second part has sufficient qualifications to conduct the business; party of the first part

reserving the right to accept or refuse such appointments until such suitable man as heretofore described has been appointed; party of the first part reserving the right to select and employ any assistant he may choose in order to post him in the business, and arrange stock to advantage. After that time, party of the second part has the right to appoint such assistant. Party of the first part is to have current and living expenses out of the stock only. No salary to be paid to party of the first part. I of the first part will make a report every thirty days to my security; the amount of business done, showing an itemized account of the business, cash received and disbursed. The stock shall be kept up to what the trade requires out of the receipts, and the remainder to be applied upon principal and interest of the debt. Any question that may arise between parties of the first part and parties of the second part to be settled by arbitration. This agreement to be substituted by one made at earliest possible convenience, and all changes desired, providing agreeable to both parties. Failure to comply will forfeit all interest in this firm. The name of the firm will be J. W. Hayes & Co.

  [Signed]     "J. W. HAYES, of the first part.
           "JAMES H. JENKINS.
           "WILLIAM HICKINBOTHEM.
           "NATHAN MORRIS.
           "P. E. MITCHELL."

It was shown in proof that at the time of the purchase of the goods for which the note was given, said instrument was exhibited to the agent of the appellant, who sold the goods to Hayes as J. W. Hayes & Co., and the note before referred to was signed "J. W. Hayes & Co."

At the trial, after the evidence was closed, the circuit court instructed the jury that, in order to recover in the case, it was necessary for the appellant to show that Mor-

ris, Hickinbothem, Jenkins, and Mitchell were all partners with Hayes in the alleged business; and as there was no evidence in the case tending to prove that Morris was a partner, that they should find for the respondents; and the jury having found accordingly, the judgment from which this appeal is taken was entered upon the verdict.

The said instruction was excepted to by the appellant's counsel, and the counsel for the respondents now concedes that it was error. Nothing would remain, therefore, but to reverse the judgment, and send the case back for a new trial, if it were not necessary to construe the written instrument above set out. Counsel for the respondents request us to do that, and as the instrument will be an important matter upon the new trial, we deem it proper to give our views regarding its legal effect. The object which the parties had in view evidently was to establish a store and other kinds of business at the place designated in the writing. They supposed, no doubt, that the business would be convenient and beneficial to the neighborhood and to themselves, and they were willing to make a joint effort to give it a standing. Hayes, the party of the first part, was to buy the outfit and have general management of the affair, and the parties of the second part were to back him to the extent of becoming security for the stock of goods and rent of the warehouse until the goods were paid for. The property was not to be considered the property of Hayes until paid for, and during the intermediate time it was to be regarded as held in trust by him for the parties of the second part. The parties of the second part reserved the right to appoint a suitable person to assist in the business, and the party of the first part was only to draw out of it his current living expenses. He was to make a report every thirty days to the parties of the second part as to the condition of the business; was to keep up the stock to what the trade required out

of the receipts of the business, and the remainder was to be applied upon principal and interest of the debt. In attempting to ascertain the intention of the parties to the written instrument, the court is not aided by a knowledge of the facts and circumstances surrounding the transaction. It is possible that they are of such a character as would materially influence its determination as to what the parties really intended by the writing. Its language, however, taken by itself, does not indicate that the parties intended to form a partnership. It shows no community of interest between the parties as to profits and losses in the business; but shows that the parties of the second part intended to loan their credit to Hayes, in order to enable him to establish himself in a business from which they would derive an indirect benefit. They seem to have intended to become security for a stock of goods and rent of warehouse, and to hold a claim upon the property as an indemnity against loss, in consequence thereof. It might be inferred from the last paragraph in the writing that the parties to it regarded themselves a partnership firm; but when read in connection with the other parts of the writing, it is plain that they failed to create by it such a firm. How the business was in fact conducted after the execution of the writing we have no means of knowing. The parties may have held themselves out to the world as partners, and thereby have made themselves liable to third persons dealing with Hayes, but that question is not before us, and our opinion as to the legal construction of the writing does not affect it.

The judgment appealed from will be reversed, and the case remanded for a new trial.